Filed Nov. 19, 1887.

No. 12,948.

HARRIS ET AL. *v.* ROSS, TREASURER, ET AL.

INJUNCTION.—*Drainage Assessment.*—*Notice.*—*Complaint.*—An averment in a complaint to enjoin the sale of land under a ditch assessment, that there was "no proper or legal notice" of the proceedings to establish the drain, is a mere conclusion, and insufficient.

JUDGMENT.—*Irregularity.*—*Remedy.*—*Infancy.*—All persons, including infants, against whom a merely irregular judgment has been taken, must seek relief therefrom by direct proceedings or by an appeal.

INFANCY.—*Voidable Proceedings.—Personal Privilege.—Persons in Privity of Estate.*—In respect to voidable contracts and proceedings, infancy is a personal privilege, not available to persons in privity of estate.

From the Madison Circuit Court.

*W. S. Diven,* for appellants.

*H. D. Thompson,* for appellees.

MITCHELL, J.—Harris and wife commenced this action against Ross, treasurer of Madison county, to enjoin the sale of certain lands owned by the plaintiffs, which they alleged the treasurer was about to sell for the purpose of enforcing the collection of a certain ditch assessment.

It is alleged in the complaint that, at the time the assessment complained of was made, the lands affected thereby were owned by certain minor heirs, through whom the present owners and complainants claim title, they having purchased the land at a foreclosure sale.

It appears that, while the lands were owned by the minors, certain proceedings were had under the commissioners' drainage act which resulted in the establishment of a drain, and in the confirmation of certain assessments in that behalf, and that the complainants bought the land at sheriff's sale, and acquired title thereto, after the drain had been established and the assessments confirmed.

The complaint specified nine causes for an injunction, seven of which related to irregularities in the proceedings for the establishment of the ditch, while two of them charged, in substance, that the ditch had not been completed as ordered and established. The substance of the irregularities complained of is, that the minors who owned the land at the time the ditch was established were not properly and legally notified of the proceedings, and that they did not appear and answer by a guardian *ad litem.*

The court sustained a demurrer to the seven causes which set up irregularities in the proceedings, and, upon trial of the

issues made on the other causes, there was a finding and judg-- ment for the defendants.

It is not averred that there was no notice of the proceed-- ings for the establishment of the drain. The averment is, that there was no proper or legal notice. This is a mere conclusion of the pleader. It implies that there was notice,. and, until the contrary appears, we must presume that the notice was adjudged sufficient by the board of commissioners. It is settled that the propriety or sufficiency of the notice, in a proceeding such as that in question, can not be assailed collaterally. *Deegan* v. *State, etc.,* 108 Ind. 155; *Young* v. *Sellers,* 106 Ind. 101, and cases cited. This principle applies. as well where infants are concerned as where those affected are adults. All persons against whom a merely irregular judgment has been taken must seek relief therefrom by some direct proceeding, or by an appeal. Besides, it does. not appear that the minors, or any one on their behalf, are now complaining, or ever have complained, of the assessment made against their land. Harris and wife, who purchased the land at sheriff's sale, with the encumbrance upon it, are the only persons complaining. Their grounds of complaint. relate almost entirely to the fact that the infants had no guardian *ad litem* appointed for them, and that they were not properly notified as infants.

Nothing is shown which makes the proceedings void, and it is well settled that, as regards voidable contracts and pro- ceedings, infancy is a personal privilege. It is available for the protection of infants, in a proper case, or for those in whose behalf they choose to assert their privilege.

The appellants can not, however, avail themselves of the privilege of those with whom they are in privity of estate for the mere purpose of setting up irregularities in the ditch proceedings. *Shrock* v. *Crowl,* 83 Ind. 243; *Price* v. *Jennings,* 62 Ind. 111.

Moreover, as has been observed, the alleged irregularities.

in the ditch proceedings could not be made available to the infants themselves in this collateral way.

Concerning the finding and judgment of the court, upon the issues made on the other specifications, it is sufficient to say they are supported by competent evidence. There was, therefore, no error.

The judgment is affirmed, with costs.

