The State, *ex rel.* Crooks, *v.* Kennett *et al.*

Filed March 9, 1888.

No. 14,173.

THE STATE, EX REL. CROOKS, *v.* KENNETT ET AL.

MORTGAGE. — *Foreclosure. — Parties. — Married Woman.— Right to Defend Against Void Mortgage for Protection of Herself and Grantee.—Covenants of Warranty.—Indemnifying Mortgage.—*Mrs. J., as surety for her husband, united with him in executing a school fund mortgage upon land owned by them as tenants by entireties.   They afterwards conveyed the land by warranty deed, and executed to the purchaser an indemnifying mort-

The State, *ex rel.* Crooks, *v.* Kennett *et al.*

gage upon other real estate held by them as tenants by entireties, in which they expressly stipulated to save their grantee harmless from loss or damage under the school fund mortgage. Suit to foreclose the latter mortgage. Mrs. J. was notified by the grantee to defend.

*Held*, that Mrs. J., for the protection of herself and her grantee, is entitled to be admitted as a party defendant, and that an answer by her setting up the foregoing facts is sufficient, it showing that the mortgage sought to be foreclosed is void.

From the Hamilton Circuit Court.

*W. S. Christian*, for appellant.

*R. R. Stephenson*, *W. R. Fertig*, *T. J. Kane* and *T. P. Davis*, for appellees.

MITCHELL, C. J.—James W. Crooks, as auditor of Hamilton county, brought this suit to foreclose a real estate mortgage executed by Joel C. and Eunice Jackson, on the 19th day of October, 1883, to the State of Indiana for the use of the common school fund, to secure the payment of a promissory note calling for $300, and signed by Joel C. Jackson.

Mrs. Eunice Jackson, not having been made a party to the complaint, appeared and by a petition to the court asked that she might be admitted as a party to defend against the foreclosure of the mortgage. She accompanied her petition by an answer in which she exhibited her proposed defence. It appeared therein that Mrs. Jackson was the wife of Joel C. Jackson at the time the mortgage in suit was executed, and that she and her husband held the title to the land mortgaged by warranty deed as tenants by entireties, the land having been bought and paid for with her own separate means. It was alleged that the money secured by the mortgage was obtained by her husband and used in his own individual business, and that she received no part thereof, nor did any part thereof go to her personal benefit or to the benefit of any part of her estate.

It appeared that after the mortgage in suit had been exe-

cuted, the land was conveyed by warranty deed, in which Jackson and wife joined, to William Kennett, who, with his wife, Rebecca Kennett, was made a party defendant in the complaint. It is alleged that, in addition to the general covenants of warranty contained in the deed to Kennett, Jackson and wife at the same time united in an indemnifying mortgage upon other real estate held by them as tenants by entireties, in which they expressly stipulated to save their grantee, Kennett, harmless from any loss or damage by reason of the mortgage in suit, which the latter did not assume to pay. She alleged further, that, since the institution of the suit, Kennett had notified her to appear and defend, and make good the several covenants and warranties above mentioned.

Upon the application and accompanying answer, Mrs. Jackson was admitted to defend, and her answer was held sufficient upon a demurrer subsequently filed to it by the plaintiff.

A special answer by Kennett, in which substantially the same facts as those contained in the answer of Mrs. Jackson were set up, was likewise held sufficient upon demurrer.

While the suggestion is made that the defence of coverture, like that of infancy, is a personal defence, and is not available to third parties, the propriety of the ruling on the demurrer to Kennett's answer is not specially discussed in the appellant's brief. As the defence pleaded by Mrs. Jackson, if she had the right to plead it, would defeat the mortgage to all intents and purposes, it was doubtless deemed immaterial to discuss the merits of Kennett's answer. This is manifestly the correct view of the case, and we therefore give the answer of Kennett no special consideration.

It is true, in a general and qualified sense, that coverture, like infancy, is a personal defence, and can not be set up by third persons for their benefit.

The present occasion does not require that we refer to the cases to which the rule has more particular application, or to

those in which a grantee may make the same defences as would have been available to his grantor.  *Harris* v. *Ross,* 112 Ind. 314; *Shrock* v. *Crowl,* 83 Ind. 243; *Price* v. *Jennings,* 62 Ind. 111 ; *Union Nat'l Bank* v. *International Bank,* (Ill.) 14 N. E. Rep. 859 ; *Studabaker* v. *Marquardt,* 55 Ind. 341 ; Jones Mortg., sections 745, 746, 1494.   See, also, *Otis* v. *Gregory,* 111 Ind. 504 (511).

As is said in *Price* v. *Jennings, supra,* it can not be doubted that privies in estate may avail themselves of such defences with the consent of the maker of a voidable contract, or they may avail themselves of the avoidance when it has taken place.

Whatever else may be said, it is quite certain that a married woman can not be denied the right to make the defence of coverture, in a proper case, for her own protection, because that defence may also enure to the benefit of a co-defendant.

The facts pleaded show that the mortgage executed by Mrs. Jackson and her husband to secure the debt of the latter was void.  It was an attempt to pledge real estate owned by husband and wife as tenants by entireties for the debt of the husband.   This was a contract of suretyship as to the wife, and into which she was expressly prohibited by statute from entering.   The statute declares that such a contract, as to her, no matter in what manner it may have been entered into, shall be void.   *Crooks* v. *Kennett,* 111 Ind. 347, and cases cited.

It is said, however, that, having conveyed away her right in the land, and as no personal judgment was asked or could have been taken against her in the foreclosure proceeding, she was not a necessary defendant.

While it is quite true that Mrs. Jackson was not a necessary party, yet inasmuch as she had conveyed the land against which a decree of foreclosure was sought, by a deed containing covenants of general warranty, and had encumbered her other separate estate by a mortgage to her grantor, indemnifying him against loss or damage on account of the invalid mortgage, we can discover no principle which would justify

The State, *ex rel.* Crooks, *v.* Kennett *et al.*

a court in denying her the right to defend the covenants in her deed, as well for the protection and benefit of her grantee as for her own protection.

It is a familiar principle of law, that if a warrantor has been properly notified of an action against his grantee, he has a right to become a party to the action for the purpose of protecting and defending the title warranted. If, being thus notified, he fails to appear and successfully defend, he is concluded from afterwards disputing with his grantee the invalidity of the title affected by the judgment. *Rhode* v. *Green*, 26 Ind. 83 ; 2 Devlin Deeds, sections 937, 939.

Since married women are now bound by their covenants for title, and are, therefore, subject to the same obligations in respect to defending their grantees as other persons, no good reason can be perceived for denying them the privilege accorded to other persons under like circumstances. It would produce an anomalous result to hold, after a married woman had attempted to encumber her estate by a contract which the statute in express terms prohibits her from entering into, that the alienation of her estate thus encumbered deprived her of the right to set up the invalidity of the encumbrance in order to protect herself against covenants which the statute declares shall be binding upon her. This could only be defended upon the theory that the married woman should be punished for her attempt to enter into a prohibited contract, by compelling her to perform it in the event of the subsequent alienation of the property involved in the transaction.

There was no error in admitting the appellee Eunice Jackson as a party to defend, nor was there any error in overruling the demurrer to her answer.

The judgment is affirmed, with costs.

Filed March 23, 1888.