Filed Jan. 16, 1891.

---

No. 15,085.

HAWKINS ET AL. *v.* McDOUGAL.

APPEAL. — *Return of Summons.* — *Defective Endorsement on Complaint.* — *Waiver of Objections.*—An objection that the endorsement on the complaint of the time for the return of the summons is defective can not be made for the first time in this court, although some of the defendants were infants.

EJECTMENT.—*Possession.*—*Injunction.*—Injunction will lie to restrain interference with the execution of a writ of ejectment issued on a judgment for possession.

SAME.—*Judgment in.*—*Collateral Attack.*—The judgment in ejectment can not be attacked in the injunction proceedings because of some defect in the notice given in the ejectment proceedings, or some error in the ruling of the court in that action. Such defects and errors are not availing in a collateral attack.

From the Daviess Circuit Court.

*A. J. Padgett, A. Paget* and *H. Burns,* for appellants.

*J. H. O'Neall,* for appellee.

ELLIOTT, J.—The appellants' counsel ask that the judgment, as to part of the appellants, be reversed, for the reason that the endorsement on the complaint of the time for the return of the summons is defective. The endorsement reads thus : " The plaintiff hereby fixes Monday, May 20th, for

defendants to appear and answer this complaint." The endorsement is signed " Gard, T. & O. & H., attorneys for McDougal." A summons was issued and served. No objection was made to the endorsement in the trial court, nor was any ojection there made to the summons. We think it clear that none can be successfully made in this court for the first time, although some of the defendants were infants. The endorsement secured a proper and due service, and the most perfect endorsement could have done no more.

It is assumed by appellants' counsel that the appellee seeks by a suit for an injunction to obtain possession of land, but in this they are in error. The appellee had obtained a judgment for possession, in an appropriate action, and then sought an injunction restraining the appellants from wrongfully interfering with the sheriff in executing the writ issued on that judgment. The facts appear in the opinion filed in the case of *Hawkins* v. *State,* 125 Ind. 570, and it is unnecessary to restate them. As the appellants were unlawfully interfering with the execution of a writ by the sheriff, to the injury of the appellee, he had a right to ask the court to aid him by injunction.

The question as to the right to possession was settled in the former action, and no questions involved in that action and adjudicated by the judgment there rendered can be litigated in the present suit. It would avail the appellants nothing if it were conceded that there was some defect in the notice given in the ejectment proceedings, or some error in the rulings of the court in that action, for such defects and errors are not availing in a collateral attack. *Sauer* v. *Twining,* 81 Ind. 366; *Krug* v. *Davis,* 85 Ind. 309; *Pickering* v. *State, etc.,* 106 Ind. 228; *Kleyla* v. *Haskett,* 112 Ind. 515. This general rule applies to infants. *Harris* v. *Ross,* 112 Ind. 314.

Judgment affirmed.

Filed Nov. 12, 1890; petition for a rehearing overruled Jan. 16, 1891.