Filed Oct. 7, 1892

———————◆———————

No. 15,907.

## YORK ET AL. *v.* ROCKWOOD.

FRAUDULENT CONVEYANCE.— *Volunteer.—Fraudulent Intent of Grantor.— Notice of to Grantee Unnecessary.*—It is not necessary for the purpose of setting aside a fraudulent conveyance to a volunteer, who paid no consideration, to allege and prove notice to the grantee of the fraudulent intent of the grantor.

SAME.—*Complaint.—Averment of Grantor's Insolvency. — Sufficiency of.*—The averment in the complaint that the grantor did not have at the time of the conveyance, nor has he had since, or at the time of the commencement of the action, sufficient property subject to execution to pay his debts, is a sufficient allegation as to his insolvency during that time.

From the White Circuit Court.

*R. Gregory,* —— *Beck* and *W. B. Austin,* for appellants. *E. B. Sellers* and *W. E. Uhl,* for appellee.

OLDS, J.—The appellee brought this action against the appellants on an account against Noble J. York, for money had and received, and to set aside a conveyance of real estate from Noble J. to Emma M. York, the conveyance being made to the said Emma M. the day before she and her co-appellant were married, and to her by her maiden name of Harding.

Issues were joined by a joint answer of the appellants in three paragraphs :

*First.* General denial.

*Second.* Payment; and,

*Third.* Accord and satisfaction, and by a reply in dénial of the affirmative answers.

There was a trial by the court, resulting in a finding- in favor of the appellee for the sum of four hundred and eighty dollars, and that the conveyance was fraudulent and void, and judgment was rendered in accordance with the finding.

Appellants filed a motion for a new trial, which was overruled. There was also a demurrer filed to the complaint and overruled, and exceptions reserved; also, a motion in arrest of judgment was made and overruled, and exceptions reserved.

Errors are assigned on the rulings of the court in overruling the demurrer, motion for a new trial, and in arrest of judgment, and that the complaint does not state facts sufficient to constitute a cause of action.

It is first contended that the complaint is insufficient, for the reason that it does not allege knowledge on the part of the grantee in the deed to appellant Emma M. York, of the fraudulent intent of the grantor, Noble J. York, to defraud his creditors, and that it fails to allege the insolvency of the grantor at the time of the conveyance, and from that time until the commencement of the action. The complaint alleges that there was no consideration for the conveyance. It is the settled law of this State that it is not necessary, for the purpose of setting aside a fraudulent conveyance to a volunteer who paid no consideration, to allege and prove notice to the grantee of the fraudulent intent of the grantor. A fraudulent conveyance, where the grantee paid no consideration, may be set aside, although the grantee had no notice of the fraudulent intent of the grantor. *Barkley* v. *Tapp,* 87 Ind. 25; *Spaulding* v. *Blythe,* 73 Ind. 93.

The other alleged defect in the complaint does not exist. The complaint does allege that the grantor did not have at the time of the conveyance, nor has he had since, or at the time of the commencement of the suit, sufficient property subject to execution to pay his debts. These allegations are

sufficient. *Hogan* v. *Robinson*, 94 Ind. 138 ; *Noble* v. *Hines*, 72 Ind. 12.

The question presented on the motion for a new trial relates to the sufficiency of the evidence to support the finding. It is insisted that the answer of accord and satisfaction is proven by undisputed evidence ; also, that the undisputed evidence shows that the grantee paid a valuable consideration for the real estate.

With this theory of counsel we can not agree. There was evidence clearly tending to support the finding of the court. The amount of money originally received by Noble J. York from the appellee was in dispute. From this evidence the court may have very properly found that York received a much larger amount than he admitted having received and sought to account for. There was evidence tending to establish the fact that the grantee, Emma M. York, had no money with which she could have paid the sum claimed. It was for the court trying the cause to determine the weight to be given to the evidence.

There is no error in the record.

Judgment affirmed, with costs.

