Gillenwaters *v.* Campbell.

Filed November 8, 1895.

No. 16,487.

## GILLENWATERS *v.* CAMPBELL.

INFANT.—*Sale of Real Estate.—Disaffirmance.—Restoring Purchase Price.*—An infant need not, under sections 3364–3365, R. S. 1894 (sections 2944–2945, R. S. 1881), on disaffirming a sale of his real estate, on attaining his majority, restore or tender the purchase price of the premises received by him, unless at the time of the sale he falsely represented himself to have attained his majority. (See note at end of opinion.)

SAME.—*A Personal Privilege.—Rule as To.—Assignment.—Contract.*—The rule that infancy is a personal privilege, and not assignable to the privy for the avoidance of contracts, applies only to privity of estate; a privy in blood may avoid the voidable contract of an infant or insane person,

PLEADING.—*Set-off.—Damages for Detention of Real Estate.—Quieting Title.*—Possession of the premises in question, with damages for the detention thereof, may be counterclaimed under section 353, R. S. 1894 (section 350, R. S. 1881), as "arising out of or connected with the cause of action," in an action to quiet title to real property, where the defendant denies title in the plaintiff and alleges ownership in himself.

SAME.—*Complaint.—Demurrer.—Misjoinder of Causes.*—A demurrer will not lie to a complaint on the ground "that several causes of action have been improperly joined," simply because one of the several paragraphs of one cause of action asks for relief which could not be granted in a cause of action which could be properly joined, where the several paragraphs taken together allege a cause of action which could be properly joined, and ask appropriate relief thereunder.

VOL. 142—34

From the Grant Circuit Court.

*M. H. Kidd, N. G. Hunter* and *J. W. Arthur*, for appellants.

*G. A. Henry, P. H. Elliott* and *W. H. Charles*, for appellee.

HACKNEY, J.—The appellee sued the appellant, with Leonard Gillenwaters, Sr., and Ivy Gillenwaters, seeking to quiet his title to a described 82.24 acres of land in Me-shin-go-me-sea's reservation in Grant county. The complaint alleged that on January 6th, 1888, Jane Gillenwaters, then the wife of Hugh Gillenwaters, an adult, was the owner in fee simple of said lands, and sold the same to Campbell for the sum of $3,280, paid to her; that she was then a minor, but attained her majority on the 12th day of March, 1890; that on said 6th day of January, 1888, she and her said husband joined in a deed of general warranty conveying said lands in fee simple to said Campbell. It was further alleged that said Hugh died October 8th, 1888; that said Jane intermarried with Leonard Gillenwaters, Sr., on the 25th day of March, 1889, and thereafter, on the 12th day of April, 1890, died intestate, leaving, as her only heirs at law, her said husband, Leonard Gillenwaters, Sr., Leonard Gillenwaters, the appellant, and Ivy Gillenwaters, her two children; that said conveyance had never been disaffirmed, and said purchase money had never been tendered back, but that said named heirs were claiming some interest in the land, against which claim it was prayed appellee's title should be quieted. The defendants answered in denial, the appellant and Ivy Gillenwaters by guardian *ad litem.* Upon a trial by the court there was a finding and judgment for the appellee. A motion for a new trial, as a

matter of right, was filed on behalf of the appellant and Ivy Gillenwaters, which motion was sustained, but subsequently, upon the announcement of the death of said Ivy, it was ordered that the record show the granting of said motion only as to this appellant.

It appears, therefore, at this point, that the interest, if any, of Leonard, Sr., and Ivy Gillenwaters, as the heirs of Jane Gillenwaters, was foreclosed by said judgment, and, upon the new trial, left to be determined only such interest as descended to the appellant in the event that said deed should be avoided.

At this point in the proceeding the appellant filed a cross-complaint, in three paragraphs, making the appellee and Leonard Gillenwaters, Sr., defendants thereto. The third paragraph, being thereafter dismissed, need not be further noticed. Leonard Gillenwaters, Sr., did not appear to the cross-complaint, was not served with process thereon, and no steps further were taken by or as to him. The appellee's demurrer for want of facts, and for the improper joinder of causes of action, was sustained to the first paragraph, and a demurrer for want of sufficient facts was sustained to second paragraph of cross-complaint.

Upon the second trial there was a finding and judgment for the appellee over appellant's motion for a new trial. The assigned errors here urged are :

1. "The court erred in rendering judgment for appellee, for the reason that the complaint of appellee does not state facts sufficient to constitute a cause of action.

2. "Sustaining the demurrer to the first paragraph of cross-complaint.

3. "Sustaining the demurrer to the second paragraph of cross-complaint.

4. "Overruling the motion for a new trial."

The first assignment, it will be observed, is addressed not to the sufficiency of the complaint, but to the action

of the trial court in rendering judgment. Under this assignment counsel attack the sufficiency of the complaint. We do not stop to inquire whether this method of attack should be recognized under our practice, nor do we consider the questions made upon the complaint, since the same questions arise upon the action of the trial court in sustaining the demurrers to the cross-complaint.

The first paragraph of cross-complaint alleged generally that the appellant was the owner in fee simple of the undivided one-half of said lands; that he was entitled to the immediate possession thereof; that Campbell then held, and for more than one year held, without right, the possession of said lands, and unlawfully kept appellant therefrom to his damage in a sum stated; that the mesne profits of said land during said period were five hundred dollars; that Gillenwaters, Sr., was asserting an adverse claim of title to the lands, and it was prayed that appellant be given possession and damages, and that his title be quieted against said Gillenwaters, Sr.

As to the appellee, it is manifest that the facts so pleaded do not constitute a cause for quieting title; indeed, no such relief was sought against him, but, plainly, the cause so pleaded is for possession as to an undivided one-half and damages for detention and mesne profits. The statutory cause of demurrer, "that several causes of action have been improperly joined," applies to the whole complaint, and not to one of several paragraphs. *Fletcher* v. *Piatt*, 7 Blackf. 522; *Bougher* v. *Scobey*, 16 Ind. 151. The demurrer we are considering could not, therefore, have been properly sustained for misjoinder of causes.

The only proposition advanced by the appellee in support of this ruling of the lower court is that the appellant

had also pleaded an answer in general denial under which the statute, R. S. 1894, Sec. 1067, permitted "every defense to the action * * * either legal or equitable." The pleading in review was not simply a defense ; it sought affirmative relief, and was, so far as it related to damages, in the nature of a counterclaim. Counterclaim is not a defense. *Stotsenburg* v. *Fordice*, 142 Ind. 490. So far as it alleged an ownership in the appellant, the pleading was but the equivalent of the general denial, but that allegation was a part of the theory that appellant could recover possession and damages from the appellee, and was not intended as a mere negative of the appellee's allegation of title in himself. Tested as a cross-demand for possession and damages, it must be determined whether the relief demanded "is any matter arising out of or connected with the cause of action," as required by the code (R. S. 1894, section 353), for, as said in *Standley* v. *Northwestern, etc., Life Ins. Co.*, 95 Ind. 254, "There must be some legal or equitable connection between the matters pleaded as a counter-claim and the matters alleged in the original complaint." The matters pleaded "might be the subject of an action in favor of the" appellant, but could not properly be considered as tending "to reduce the plaintiff's claim." The question returns therefore : are the matters pleaded "connected with the cause of action" alleged in the complaint ? They relate to the same land, they depend upon the ownership, by the plaintiff or the defendant, of the land. The cause of action pleaded in the complaint and that alleged in the first paragraph of cross-complaint have such intimate legal connection as permitted them to have been united in one action, if such causes concurred in the same person. R. S. 1894, section 279. It is the policy of the law that, when litigation must be resorted to for the adjustment of disputed

rights, every question logically connected with such disputed rights shall be determined and put at rest in one action. We conclude, therefore, that the appellant might properly demand at least the possession of the land, the title to which was put in issue by the complaint. If he had sought, in this paragraph, to quiet his title as against the appellee, he certainly would have been permitted, in connection with that demand, to seek possession and damages. Instead of a prayer to quiet title he alleged his ownership and demanded possession and damages. This, we think, he had a right to do.

The facts pleaded in the second paragraph of cross-complaint were substantially the same as those pleaded in the complaint, except that it was alleged that Hugh Gillenwaters, at the date of the execution of the deed to Campbell, was under the age of twenty-one years. This difference, it is claimed by the appellant, rendered the deed to Campbell void and not merely voidable. It is now the thoroughly established rule that the executed contracts of minors are voidable and not void. The following are some of the decisions of this court to that effect: *Fetrow* v. *Wiseman*, 40 Ind. 148 ; *Law* v. *Long*, 41 Ind. 586 ; *Scranton* v. *Stewart*, 52 Ind. 68 ; *Sims* v. *Bardoner*, 86 Ind. 87 ; *Buchanan* v. *Hubbard*, 119 Ind. 187 ; *McClanahan* v. *Williams*, 136 Ind. 30 ; *Ashmead* v. *Reynolds*, 127 Ind. 441. The same rule has been adopted with reference to the executory contracts of minors in regard to personal property, and as to the conveyances of insane persons, whose insanity was not office found when the deed was executed. *Indianapolis, etc., Co.* v. *Wilcox*, 59 Ind. 429 ; *Clark* v. *Van Court*, 100 Ind. 113 ; *Musselman* v. *Cravens*, 47 Ind. 1 ; *Richardson* v. *Pate*, 93 Ind. 423 ; *Schuff* v. *Ransom*, 79 Ind. 458 ; *Hardenbrook* v. *Sherwood*, 72 Ind. 403 ;

*Freed* v. *Brown,* 55 Ind. 310; *Nichol* v. *Thomas,* 53 Ind. 42; *Somers* v. *Pumphrey,* 24 Ind. 231. It is true, as appellant's counsel suggest, that by statute infants are forbidden to alien their lands. R. S. 1894, section 3330 (R. S. 1881, section 2917). It is also true, however, that "The joint deed of the husband and wife shall be sufficient to convey and pass the lands of the wife." R. S. 1894, section 3340 (R. S. 1881, section 2921). With these statutes in existence, and, doubtless, construing them together, the rule that the deeds of infant married women are voidable has been evolved. The solemn character of the instrument of conveyance and the essential rule that unchallenged records of title import verity require that absolute invalidity shall not attach to such instruments, while the welfare of the minor requires that they may be avoided, if seasonable opportunity be accepted, and if not the repose of titles demands an estoppel. There is no express limitation upon the effects of the joint deed of the husband and wife, so far as the infancy of the husband is concerned, and, if there were, we presume the rule that such conveyance is voidable and not void would obtain for every reason that those are so held where the wife is a minor.

This paragraph of cross-complaint does not allege a return of the purchase price of the lands, and objection is made that infancy is a personal privilege and does not survive to privies in blood· nor to privies in estate, and, therefore, that when Jane Gillenwaters died, never having disaffirmed her deed, no right existed in the appellant to assert the infancy of his mother in avoidance of her deed. That a return of the purchase money is essential to a disaffirmance is claimed under the provisions of sections 3364–3365, R. S. 1894 (sections 2944–2945, R. S. 1881). By the first of these sec-

tions, where the conveyance is "by an infant *feme covert* of lands belonging to her, and in which sale and conveyance her husband has joined, *he being of full age,*" restoration of the purchase money is required. It was alleged that Hugh Gillenwaters was not of full age when he joined his infant wife in her conveyance. Whether the reasons for a distinction. between the cases where the husband is over and where he is under his majority, are valid, is a legislative question. We find that the distinction is made. By the second of the sections above referred to restoration is necessary in all sales of real estate by an infant who disaffirms "if said infant falsely represented himself * * to be" over twenty-one years of age. The facts pleaded in the cross-complaint do not disclose any such representation. An answer to the third paragraph of cross-complaint alleged that the husband, Hugh, falsely misrepresented his age, but that answer went out by the dismissal of that paragraph of cross-complaint.

That privies in blood may avoid the voidable contracts of infants and persons of unsound mind has been frequently held and recognized in this State. As to infants, see *Harbison* v. *Lemon*, 3 Blackf. 51; *Law* v. *Long, supra; Price* v. *Jennings*, 62 Ind. 111; see also, 1 Devlin Deeds, section 875; 10 Am. and Eng. Ency. of Law, pp. 637, 638. As to *non compotes*, see *Northwestern, etc., Ins. Co.* v. *Blankenship*, 94 Ind. 535; *Somers* v. *Pumphrey, supra*, and cases cited in each. It is the rule also, that privies in estate may avail themselves of the disability of infancy or insanity of the principal, where such principal has theretofore, or does concurrently with the plea of the privy, disaffirm and avoid his contract. The rule that infancy is a personal privilege, and is not effective for the avoidance of

contracts, applies to those cases where advantage is sought by one who is but a privy in estate. See *Pitcher* v. *Laycock,* 7 Ind. 398; *Price* v. *Jennings, supra; Shrock* v. *Crowl,* 83 Ind. 243; *Borum* v. *Fouts,* 15 Ind. 50; *Wright* v. *Bundy,* 11 Ind. 398; *Harris* v. *Ross,* 112 Ind. 314.

We conclude, therefore, that the second paragraph of cross-complaint was not subject to any of the objections urged against it.

There is much discussion upon the weight and sufficiency of the evidence, and in some instances as to its admissibility. Upon the question of estoppel against the appellant, because of false representations by Hugh Gillenwaters, as to his age, it is sufficient to say that no such question is in the case. As to the sufficiency of the evidence upon any of the questions discussed, no opinion need be given since another trial, upon the theory essential under our conclusions, will probably avoid all such questions.

The judgment of the circuit court is reversed, with instructions to overrule the appellee's demurrer to the appellant's first and second paragraphs of cross-complaint.

Filed November 19, 1895.

NOTE.—The necessity of returning the consideration in order to disaffirm infant's contracts is discussed with a review of the numerous authorities in a note to *Englehart* v. *Prichett* (Neb.), 26 L. R. A. 177.