## CARR *v.* BESSE ET AL.

[No. 11,792.    Filed May 1, 1924.    Rehearing denied November 12, 1924.]

1. PLEADING.—*Filing of supplemental complaint is within discretion of court.*—Under the provisions of the Code (§408 Burns 1914, §399 R. S. 1881), it is within the discretion of the trial court to grant or refuse permission to file a supplemental complaint.    p. 126.

2. PLEADING.—*Purpose of supplemental complaint.*—The office of a supplemental complaint is to bring forward facts that have transpired since the institution of the action and which may tend to strengthen or reinforce the cause stated in the complaint, and, in effect, becomes a part of the original complaint.    p. 126.

3. PLEADING.—*Supplemental complaint may not initiate new cause of action.*—A separate and distinct cause of action may not be brought into the case by a supplemental complaint.    p. 126.

4. PLEADING.—*Refusal of leave to file supplemental complaint held not error.*    In an action on a promissory note and to set aside a deed for fraud, refusal of leave to file a supplemental complaint, the only purpose of which was to inform the court that a conveyance had been made while litigation

was pending, was not an abuse of the discretion of the court, as the deed was not void but merely subject to the result of the pending litigation. p. 127.

5. JUDGMENT.—*Motion to modify judgment to show facts properly overruled.*—It is not the function of a judgment to show facts, hence a motion to modify a judgment adjudging a deed sought to be set aside to be a mortgage, to show to what debt and the amount thereof the mortgage secured, was properly overruled. ɒ. 127

From Benton Circuit Court; *Burton B. Berry,* Judge.

Action by Henry J. Carr against Mayme Besse and others. From a judgment for defendants the plaintiff appeals. *Affirmed.*

*Fraser & Isham,* for appellant.

*Elmore Barce* and *J. Edward Barce.* for appellees.

This action was instituted by Henry J. Carr against Mayme Besse, Howard Besse and Margaret Ellen Ward. It is averred in the complaint that Mayme Besse and Howard Besse were indebted to the plaintiff on a promissory note; that at the time they executed the note they owned certain real estate; and that thereafter they executed a deed whereby they conveyed their real estate to Margaret Ellen Ward with intent to defraud the plaintiff. The prayer of the complaint is for judgment on the note; that the deed be set aside; and that the real estate be subjected to the payment of the plaintiff's claim. The defendants filed an answer in denial. The trial resulted in a finding for the plaintiff on the note, and a further finding that the conveyance alleged to be fraudulent was in truth not a deed but a mortgage and that it should not be set aside. On April 21, 1923, judgment was rendered in accordance with the finding; and on the same day the plaintiff filed a motion for a new trial. On May 28, 1923, the plaintiff filed a petition asking leave to file a supplemental complaint. The petition was denied. Thereupon the plaintiff presented

to the court the document which he desired to file as a supplemental complaint; but the court made no further ruling at that time. On June 11, 1923, the plaintiff again presented the document which he desired to file as a supplemental complaint, and the court refused permission to file it. On June 18, 1923, the motion for a new trial was overruled. Thereupon the plaintiff filed a motion to modify the judgment in the following particulars: (1) To "show to whom and to secure what debt the deed sought to be set aside, obtained as a mortgage"; (2) to show "what amount of money the deed is adjudged to be a mortgage to secure." The motion to modify was overruled.

The material averments of the proposed supplemental complaint are the following:

"That the trial commenced on April 5, 1923, and was concluded on April 12, of the same year; that on the last named date and while the court had the cause under advisement, the defendants Mayme Besse and Howard Besse executed to the defendant Margaret Ellen Ward an instrument in writing purporting to be a deed; that thereby the grantors therein attempted to convey the identical real estate involved in the litigation; and that the pretended conveyance appears in the record of deeds of Benton County."

The prayer is that the instrument be set aside.

The assignment of errors challenges the action of the court (1) in refusing to leave to file the supplemental complaint; (2) in overruling the motion to modify the judgment; and (3) in overruling the motion for a new trial.

DAUSMAN, P. J.—The plaintiff did not have an abso lute right to file a supplemental complaint. Under the Code it was within the discretion of the trial 1-3. court to grant or refuse leave to file the proposed pleading. §408 Burns 1914, §399 R. S. 1881;

1 Watson, Revision Works Practice §861 *et seq.* That is the general rule. 21 R. C. L. 503; 31 Cyc 502.

The office of a supplemental complaint is to bring forward facts that have transpired since the institution of the action and which may tend to strengthen or reinforce the cause of action stated in the complaint. 1 Watson, Revision of Works Practice §865; 21 R. C. L. 503. In effect a supplemental complaint becomes a part of the original complaint and the whole matter is to be determined by one trial and one judgment. *Muncie, etc., Traction Co.* v. *Citizens Gas, etc., Co.* (1912), 179 Ind. 322. A separate and distinct cause of action may not be brought into the case by a supplemental complaint. *Barker* v. *Prizer* (1897), 150 Ind. 4.

It should be noted that the proposed supplemental complaint does not aver that the alleged conveyance is fraudulent. Its only purpose was to inform the court that a conveyance had been made while the litigation was pending. The contention is that the deed is void merely because it was executed while the land was involved in pending litigation, and that it was the duty of the court to cancel the deed without a hearing. The contention cannot be sustained. Of course, the grantee took the land subject to the result of the litigation. *Truitt* v. *Truitt* (1871), 38 Ind. 16; *Wild* v. *Noblesville Building, etc., Institution* (1899), 153 Ind. 5. But the litigation resulted in favor of the grantee and her deed is not affected by the judgment. It is apparent that the trial court did not abuse its discretion by refusing leave to file the proposed supplemental complaint.

It is not the function of a judgment to show facts. The motion to modify the judgment was properly overruled. We have examined the evidence and it tends fairly to sustain the finding.

Judgment affirmed.