## ROSENBERG ET AL. v. AMERICAN TRUST AND SAVINGS BANK OF WHITING ET AL.

[No. 12,613. Filed April 29, 1927. Rehearing denied July 1, 1927. Transfer denied December 6, 1927.]

1. APPEAL.—*Defendants adjudged to have no interest in real estate cannot complain that cross-complainants did not prove averments of cross-complaint.*—The fact that cross-complainants suing jointly to quiet title failed to prove any joint title was of no importance to defendants to the cross-complaint who, after a fair trial, were held to have no interest in the land, as §725 Burns 1926 provides that no judgment shall be reversed where it appears that the merits of the cause have been fairly tried and determined. p. 555.

2. JUDGMENT.—A judgment for alimony for a definite amount is a lien on the defendant's real estate in the county (§659 Burns 1926). p. 555.

3. DIVORCE.—*Order against a husband to pay specified sum each month for the maintenance of his children not lien on real estate.*—An order made in a divorce suit that the husband pay to the clerk of the court a specified sum each month for the use of the plaintiff in maintaining their children is not a "final" judgment which constitutes a lien on real estate as provided in §659 Burns 1926, as the court reserves the right to modify such order and may cut off the payments entirely. p. 555.

From Lake Superior Court; *Maurice E. Crites,* Judge.

Suit by the American Trust and Savings Bank against Michael E. Kozacik, Jr., and others to foreclose two mortgages, wherein the defendants Kozacik filed a cross-complaint against their codefendants to quiet title. From a decree for the plaintiffs and for the cross-complainants on their cross-complaint, the defendants thereto appeal. *Affirmed.* By the court in banc.

*William J. Whinery,* for appellants.

*William J. McAleer, Francis J. Dorsey, Gerald A. Gillett, Perry R. Chapin* and *Roy E. Green,* for appellees.

NICHOLS, J.—Action by appellee American Trust and Savings Bank against appellees Kozacik and Kozacik and appellants to foreclose two mortgages upon certain real estate in Indiana Harbor, East Chicago, Indiana. It was shown to the court that appellants Nora, Ralph and Raymond Rosenberg were minors; and the court, thereupon, appointed William J. Whinery as their guardian *ad litem.* There was an answer in denial to the complaint.

Appellees Kozacik filed a cross-complaint in said cause against appellants to quiet title to said real estate as against them. There was an answer in denial to the cross-complaint.

No contention was made by any party at the trial as against the validity and amounts of the respective mortgages put in suit by the complaint and, consequently, the court decreed their foreclosure as against all parties.

In addition to this decree, the court found in favor of appellees Kozacik and Kozacik upon their cross-complaint and against appellants, and that said appellees' title should be quieted in them, and rendered judgment accordingly against appellants, from which, after appellants' motion for a new trial was overruled, this appeal is prosecuted, appellants assigning as error the action of the court in overruling their motion for a new trial.

It appears by the undisputed facts that, on June 15, 1921, one Franklin P. Rosenberg was the husband of appellant Linnie A. Rosenberg, and was the owner of the real estate in question. On that date, he, his wife joining, executed a mortgage upon the real estate in question to appellee bank for $4,500, this being one of the mortgages subsequently foreclosed in this action. On September 25, 1923, while still the owner of said real estate, the said Franklin P. Rosenberg executed, his said wife joining, a second mortgage for $1,500, which mort-

gage, by subsequent assignment, became the property of appellee bank and was the other mortgage foreclosed in this action.

Subsequently, appellant Linnie A. Rosenberg secured a divorce from her husband, and, by the terms of the decree, she was awarded a judgment for alimony in the sum of $1,150, the custody of said three minor children, appellants Nora, Ralph and Raymond Rosenberg, and, by the terms of the decree, it was ordered that "the defendant [Franklin P. Rosenberg] should pay into the office of the clerk of this court, for the use of the plaintiff in maintaining said children, the sum of $125 per month, payable in semi-monthly installments of $62.50 each, on the 16th and last days of each calendar month."

The judgment for alimony in the sum of $1,150 was paid by said Franklin P. Rosenberg and satisfied upon the judgment docket of the court below, and he paid into the clerk's office of the Lake Superior Court the allowance made to his former wife, each of the installments so ordered paid for the support of his children from January 31, 1923, to June 18, 1923, and thereafter he failed to pay anything on that account, and his whereabouts became unknown, or at least his visits to this state were at very infrequent intervals. Nothing was paid by him for the support of the three children after the last named date.

On June 16, 1923, describing himself as a divorced man, he conveyed the real estate in question to appellee Michael E. Kozacik, Jr.

Upon the trial, appellants claimed that the allowance of $125 per month to appellant Linnie A. Rosenberg for the support of the minor children constituted a judgment, and was a lien upon the real estate in question, and that appellants should be decreed to have a third lien thereon as against appellees Kozacik. But they filed their cross-complaint seeking to quiet their title against this

claim, and the court found in their favor that such allowance did not constitute a lien upon the real estate in question and rendered judgment quieting their title against appellants.

Appellants first contend that the decision of the court is not sustained by sufficient evidence, for the reason that appellees Kozacik sue as joint plaintiffs in their cross-complaint, but wholly fail to prove 1. any joint title or tenancy by the entireties, showing only a conveyance to appellee Michael E. Kozacik, but no conveyance to appellees Kozacik and Kozacik. We need to give but little consideration to this contention, for there is but little merit in it. We are wholly unable to understand that it makes any difference to appellants where the title is when it is determined that they have no lien on the real estate. When the merits of the case so far as they affect appellants' rights are fairly determined, appellants may not further complain. §725 Burns 1926.

The only substantial question for the consideration of this court is: Did the allowance made by the court in the divorce suit of Rosenberg v. Rosenberg, to appellant Linnie A. Rosenberg, directing that the defendant Rosenberg should pay $125 a month to Linnie A. Rosenberg for the support of the three minor children, constitute a lien upon the real estate in question, which would follow it into the hands of Kozacik and Kozacik?

It is to be observed that, in the divorce proceeding, the court, in addition to decreeing a divorce for the plaintiff (appellant Linnie A. Rosenberg), adjudged that she "have and recover" of the defendant alimony in the definite sum of $1,150. There was a present final judgment in form, for a definite amount, all of which was then due and payable, and which was shortly thereafter paid. Clearly this was a lien on the defendant's real estate under the stat-

ute. §659 Burns 1926. But there was no such judgment for the support of the children. It was only an order against the defendant that, semi-monthly thereafter, he pay an amount for the support of the children, under the statute, until the further order of the court. The court in such cases reserves the right to modify the award as to the custody of the children, and as to the amount of the allowance for their support, as circumstances may, in the discretion of the court, require. Such an allowance may, in the discretion of the court, be entirely cut off and the defendant relieved therefrom. If the mother, or other person to whom it is made payable, is not expending the allowance for the best interest of the children, the court may direct it to be paid to such other person as it may deem a proper person to expend the fund. *Stonehill* v. *Stonehill* (1896), 146 Ind. 445, 45 N. E. 600; *Stone* v. *Stone* (1902), 158 Ind. 628, 64 N. E. 86. An order for the payment of money which may thereafter be so modified cannot be said to be a final judgment constituting a statutory lien on real estate. *Wolverton* v. *Wolverton* (1904), 163 Ind. 26, 35, 71 N. E. 123; *Mansfield* v. *Hill* (1910), 56 Ore. 400, 108 Pac. 1007; §629, *supra.*

The court did not err in overruling the motion for a new trial. Judgment affirmed.

Dausman, J., absent.