PROBST *v.* PROBST ET AL.

[No. 27,697. Filed May 18, 1942.]

*Charles A. Lowe,* of Lawrenceburg, for appellant.

*Crawford A. Peters,* of Aurora, for appellees.

RICHMAN, J.—Appellee John Probst with $2,200 of his own money paid the entire purchase price of a farm and had it conveyed by the vendors to his son and daughter-in-law, appellees Orville and Freda Probst, as tenants by the entirety. At the time he was indebted in a sum exceeding $2,500 to his former wife, appellant Anna Probst, on an order made in their divorce proceeding for payment to her of $10 per week for the support of their minor children, which indebtedness later in this action was reduced to judgment in the sum of $2,500 and costs. The trial court found these facts and the further fact that at the time of the conveyance and continuously since, John had no other property subject to execution out of which appellant's claim could or can be collected. The trial court did not find fraud as a fact but the facts found created a statutory presumption of fraud which was

not rebutted by any facts found. The court erroneously refused to conclude from these facts that the farm was property of John Probst subject to sale on execution to satisfy appellant's judgment. § 56-606 and § 56-607, Burns' 1933, § 14739 and § 14740, Baldwin's 1934, *Eiler* v. *Crull* (1887), 112 Ind. 318, 14 N. E. 79; *Pence* v. *Rhonemus* (1915), 58 Ind. App. 268, 108 N. E. 129; *York* v. *Rockwood* (1892), 132 Ind. 358, 31 N. E. 1110. The record discloses as the only explanation of the transaction evidence of a secret parol trust for the benefit of John during his lifetime and for certain of his children after his death. This was void as against creditors. § 56-601, Burns' 1933, § 14734, Baldwin's 1934.

Judgment reversed with instructions to restate the conclusions of law and to enter judgment for appellant in accordance with the prayer of her second amended and supplemental complaint.

NOTE.—Reported in 41 N. E. (2d) 608.