BOYER *v.* LEAS ET AL.

[No. 17,351. Filed December 11, 1945. Rehearing Denied January 24, 1946. Transfer Denied March 21, 1946.]

504

*Mountz & Mountz,* of Garrett, for appellant.

*Wood & Wood,* of Angola, for appellees.

DRAPER, J.—The second paragraph of appellant's complaint, upon which judgment herein was rendered,

alleged that the appellee, Grace Leas, pursuant to an agreement between her and the appellant, purchased eighty acres of land with his funds, and as his agent and trustee, and that she now holds it as trustee for his benefit. It concluded with a prayer that his title be quieted and the appellees be required to convey the land to him.

The appellees denied the controverted allegations of the complaint, and the appellee Grace filed a "cross-complaint" which alleged that appellant had taken possession of the land, had held and farmed it and had removed timber from it, all without her consent, and she demanded a judgment for rent and damages as a result thereof.

The court found the facts specially, stated its conclusions of law thereon, and rendered judgment in favor of appellees as hereinafter mentioned.

The errors assigned are that the court erred in each of its conclusions of law and in overruling the motion for new trial. The specifications in the motion for new trial here relied upon are that the decision (1) is not sustained by sufficient evidence and (2) is contrary to law.

Under his assigned error that the court erred in overruling his motion for new trial, the appellant is entitled to have this court determine (1) whether among the special findings there is one which is essential to the decision made by the court which is not supported by any evidence, or inferences reasonably to be drawn therefrom, and (2) whether the undisputed evidence establishes a controlling fact within the issues which is not found, but which if found would necessitate different conclusions of law and a different judgment based thereon. *Central Pharmacal Co.* v. *Salb* (1938), 106 Ind. App. 495, 13 N. E. (2d) 875. The

appellant makes no attempt to point out the existence here of either of these situations, and our examination of the evidence fails to disclose such. This assigned error will, therefore, not be further noticed.

The appellant moved to strike out the "cross-complaint" for several reasons, but he here undertakes to support only the assigned reason that the allegations thereof are not germane to the subject matter of the complaint.

Grace did not seek to quiet her own title to the eighty acres, nor did she seek the possession of it. Nevertheless, in her answer she denied the title of the appellant, and in her "cross-complaint" she alleged that she herself had purchased the land in question, and that the appellant took and held possession of it without her consent, over her objection and to her damage. We think the matters pleaded in the "cross-complaint," with the possible exception of rhetorical paragraph 6 thereof, were so "connected with the cause of action" that the motion to strike it was properly overruled Gillenwaters v. Campbell (1895), 142 Ind. 529, 41 N. E. 1041.

Rhetorical paragraph 6 of the "cross-complaint" pleaded damage to other land owned by her, caused by appellant's driving over and through the crops there. It is not necessary to decide whether this paragraph should have been stricken. The court's failure to do so resulted in no harm to appellant, for by its failure to find that such damage resulted, it in effect found that none did result.

The findings were filed on July 1, 1944. Condensed, they disclosed that as the result of partition proceedings between other parties, a sixty and an eighty acre tract of land were for sale by a commissioner. Each tract was appraised at $1000. The sixty was adjacent

to a public highway and cornered with the eighty which was not. Access to the eighty could only be gained by going across the sixty, as all parties concerned knew, and for that reason the commissioner would sell the two tracts only to the same purchaser. The commissioner was willing to let the purchaser have immediate possession of the two tracts.

On February 23, 1939, appellee Grace Leas bid $2000 for the two tracts. The commissioner accepted the bid and on the same day issued to her a "certificate" acknowledging receipt of the sum of $666.66 paid by her, and reciting that he had sold the two tracts to her for $2000. The appellee Grace had already told appellant "that she did not want the eighty acre tract, but would let him have said tract for the appraised value if he wanted it, and (would) give him a right-of-way to enter said tract." On February 25, 1939, appellant paid her $333.33 and received from her a paper which read as follows: "Received $333.33 of Ralph Boyer for first payment on eighty acres of Emery White estate. Grace Leas, Carl Leas." After making this payment the appellant, with the knowledge of the commissioner and of the appellee Grace, took possession of the eighty under claim of title as purchaser at the commissioner's sale, farmed the land and made improvements thereon, and has since remained in possession under claim of title thereto. While in possession, he cut and removed fire wood and saw logs from the land.

Shortly after the commissioner's sale above referred to, the partition proceedings were found to be defective. After further legal steps were taken the commissioner again advertised and offered the land for sale, meanwhile retaining the $666.66 the appellee Grace had paid to him, and on May 10, 1941, she again bid in the two tracts at the appraised value of $1000 each, paid or

secured the balance of the purchase price, and received the commissioner's deed to the two tracts. On May 6, 1941, appellee Grace signed and mailed and appellant received a letter as follows: "The deed for the White 80 acres will be ready this week. Date of sale Saturday, May 10, 1:30 C. D. T. Terms, cash."

On May 10, 1941, the appellees offered appellant a deed conveying to him the eighty and an easement fourteen feet wide over the sixty, on payment of $666.67. The deed contained stipulations for the installation and maintenance of gates on the right-of-way, and requiring the appellant to keep the gates locked when not in use. The appellant refused to accept an easement. He demanded a deed to a twenty foot strip of land as a right-of-way. He later agreed to ascertain whether sixteen feet would suffice and advise appellees' attorney, but he never did so. Previous to the commencement of this action the appellant never tendered the balance of $666.67 for the eighty, never tendered a deed of any kind for execution, or demanded that a deed be executed. Twenty-one days after filing his complaint the appellant paid to the Clerk of the Court the sum of $666.67 as a tender to appellees. No offer to return the $333.33 paid by him to Grace was ever made. On November 27, 1941, Grace served appellant with a notice to quit. This he ignored and he still retains possession of the eighty.

The rental value of the eighty was $135 per year. The value of the timber removed by appellant is not found, nor is the value of the improvements made by him. He asserts no rights as an occupying claimant.

. The pertinent conclusions of law were as follows:

"1. That the law is with the defendants, and that the plaintiff take nothing by his complaint. .

"2. That the defendants recover upon their cross complaint in the sum of $405.00 as rent for the use of said premises; and that the plaintiff be credited upon said amount in the sum of $333.00, together with interest thereon in the sum of $50.00, which the plaintiff paid to the defendants to apply upon the purchase price of said real estate, leaving a balance due to the defendants from the plaintiff in the sum of $22.00, for which sum judgment shall be rendered against the plaintiff and in favor of the defendants."

The judgment is in exact conformity with the conclusions of law.

The court did not find that Grace used the appellant's money to pay for the land, or any part of it, pursuant to an agreement that she would purchase the eighty for his use and benefit, which is the manner in which the trust is alleged to have arisen. Under the familiar rule that silence is equivalent to a finding against the one having the burden of proof, this amounts to a finding that she did not do so.

She did not want both pieces for herself. The arrangement between them amounted to one whereby she verbally agreed to sell to him, if he wanted it, a part of the land to be purchased by her, at the price she was to pay, giving him in addition certain rights in the part she retained. She bid on that basis before he paid her anything. He paid no part of the purchase money, as such. He made his first payment under his agreement to purchase from her. No resulting trust arises in such a situation. *Rucker* v. *Steelman* (1881), 73 Ind. 396; *McClellan* v. *Beatty* (1944), 115 Ind. App. 173, 53 N. E. (2d) 1013, 55 N. E. (2d) 327; *Giese* v. *Pakendorf* (1921), 137 Md. 675, 112 A. 3.

The arrangement was apparently so indefinite and uncertain that a dispute arose in connection with per-

formance. However, it seems unnecessary to discuss either that fact or the effect of the statute of frauds. The appellant admits that, under the facts found, the appellee Carl "was not a party to either the purchase of the eighty acre tract or the sale of it to the appellant, and was made a party to the action only to answer, in the suit to quiet title, to any interest he had in the land as the husband of Grace Leas."

Had the appellant taken possession and occupied the land under a valid contract of purchase, he would not have been liable for rent, but under § 38-102, Burns' 1933, her agreement to sell the land to the appellant, her husband not joining therein, was absolutely void. She was entitled to rent after she acquired title to the land, and the appellant became liable to her therefor, for he is charged with the knowledge that his agreement to purchase was illegal and void. *Mattox* v. *Hightshue* (1872), 39 Ind. 95; *Shirk* v. *Stafford* (1903), 31 Ind. App. 247, 67 N. E. 542. It is not contended that the recovery of rent was too large.

That the money judgment ran in favor of both appellees is not shown to be harmful to appellant. He need pay it but once. See *Rosenberg* v. *American Trust, etc., Bank* (1927), 86 Ind. App. 552, 156 N. E. 411.

Finding no error, the judgment is affirmed.

NOTE.—Reported in 64 N. E. (2d) 38.

## ON PETITION FOR REHEARING

DRAPER, J.—In his petition for rehearing the appellant insists that no cause of action for the recovery of rent is stated in appellee's "cross-complaint." After a re-examination of the pleading, which was tested only by a motion to strike, we are still

of the opinion that such a cause of action is fairly stated, and in his original brief the appellant himself says: "However, the defendant, Grace Leas, did file a cross-complaint in which she sought to recover rent for the disputed premises for the period which the appellant had been in possession. . . ."

The appellant also contends that the findings do not support an award of rent in the amount awarded. They do, however, support an award of rent, and the amount of the award is now challenged for the first time. No citation of authority to the proposition that a question may not be presented for the first time on a petition for rehearing is necessary.

The appellant now contends that if it were necessary for the husband of Grace Leas to join in her contract to sell the land, his signature to the receipt for $333.33 was sufficient for that purpose. This contention is also now raised for the first time and moreover the appellant does not support it by any authority or reason. It is, therefore, entitled to no consideration.

Petition for rehearing denied.

NOTE.—Reported in 64 N. E. (2d) 591.