## MYLER v. MYLER ET AL.

[No. 20,123. Filed October 6, 1965.]

---

\* While Judge Martin participated in the hearing of oral argument and a conference of the judges above named, he was not present at the time of, and did not participate in, the adoption of this opinion.

James D. *Williams*, of Corydon, for appellant.

Robert W. *Davis*, of Corydon, for appellee.

PRIME, P. J.—Appellant brought this action in the Crawford Circuit Court to subject an interest held by appellee, Doit Myler, in certain real estate to appellant's claim resulting from unpaid support payments alleged to be due the appellant pursuant to a divorce decree entered of record on February 19, 1949, in the same court. The issues were raised by appellant's third amended complaint containing six (6) legal paragraphs and her first amended supplemental complaint, to which the appellees filed their demurrer. Appellees filed two demurrers to each complaint (third amended and supplemental), one by appellees, Doit and Hattie E. Myler, and one by Mary Beth Myler. However, inasmuch as the same questions are raised by both, we shall treat them as one. The trial court sustained both demurrers to each legal paragraph of the third amended complaint, and also both demurrers directed to the first amended supplemental complaint. Appellant refused to plead over and assigns as error the above rulings of the court.

The record discloses that the appellant, Dorothy Myler, and the appellee, Doit Myler, were divorced in 1949, custody of their three minor children being awarded to Dorothy Myler, and a support order was entered requiring the said Doit Myler to make weekly payments to the Clerk of the Court for the support of the three children. The record indicates that in 1953, the decree was modified to the extent of temporarily relieving Doit Myler. of his legal obligation of support because of physical incapacitation. No further changes were made in respect to the divorce decree.

In 1956, Hattie E. Myler, mother of the said Doit Myler, conveyed a certain parcel of real estate to her son, Doit Myler, and his second wife, Mary Beth Myler, as husband and wife, and reserved unto herself a life estate. The record fails to reveal whether or not any consideration passed to the said Hattie E. Myler from Doit or Mary Beth Myler individually or jointly, or whether the interest in the said real estate was a gift from the mother to her son and daughter-in-law.

This action was commenced in 1958 by appellant in an effort to subject the interest of Doit Myler in the real estate acquired by him in 1956 to a claim of the appellant for unpaid support which she alleged had accrued and remained unpaid over the years subsequent to the decree of 1949 and prior to the conveyance in 1956. A substantial amount of the arrearage appears to have accrued prior to the modification order of 1953. No question was raised in the trial court as to the effect of the modification order on this cause, and in view of the decision hereinafter reached, we deem it unnecessary to consider the same, irrespective of the fact that we are permitted to go outside the memorandum to the demurrer in order to uphold the trial court's ruling in sustaining the said demurrer as urged by appellees in their answer

brief. *Pelfree* v. *State* (1957), 237 Ind. 302, 304, 145 N. E. 2d 295; *Lynch* v. *Holy Name Church* (1962), 133 Ind. App. 492, 499, 179 N. E. 2d 754.

Legal paragraphs one, two, three and six raise the issue of whether or not appellant has acquired a lien against the interest in the land held by Doit Myler and Mary Beth Myler as tenants by the entireties by virtue of the 1949 decree and pursuant to the judgment lien statute of the state under the Acts 1881 (Spec. Sess.), Ch. 38, §601, p. 240; 1929, Ch. 83, §2, p. 278, the same being §2-2706, Burns' 1946 Replacement.

This very question was before this court in the case of *Rosenberg* v. *American Trust, etc., Bank* (1927), 86 Ind. App. 552, 156 N. E. 411, wherein the court stated at p. 556 as follows:

> "An order for the payment of money which may thereafter be so modified cannot be said to be a final judgment constituting a statutory lien on real estate. *Wolverton* v. *Wolverton* (1904), 163 Ind. 26, 35, 71 N. E. 123; *Mansfield* v. *Hill* (1910), 56 Ore. 400, 108 Pac. 1007; §629 (§659 Burns' 1926) *supra*."

We reaffirm this statement of the law and deem it to be controlling in the case at bar.

Legal paragraph four of appellant's complaint alleges a right to recover on the theory that appellant first be granted a judgment against the appellee for unpaid support owed pursuant to the 1949 decree, which judgment would in turn become a lien against the interest of the appellee, Doit Myler, in the said real estate held as a tenancy by the entireties, said tenancy being held *fraudulently* with respect to the said appellant. To the effect that such procedure is proper, see *Probst* v. *Probst* (1942), 220 Ind. 200, 41 N. E. 2d 608.

However, paragraph four fails to allege that the appellee, Doit Myler, used any of his own funds or furnished any portion of the consideration in acquiring the parcel of land in question. In an action to set aside a conveyance made to defraud transferee's creditors, such is an essential allegation in the complaint. *Vonville* v. *Dexter* (1948), 118 Ind. App. 187, 76 N. E. 2d 856, 77 N. E. 2d 759 rehearing denied.

Legal paragraph five is based upon a theory not wholly clear from a reading of the complaint. However, it appears that appellant is asking the court to subject the interest of appellee, Doit Myler, in the real estate to the delinquent support payments by way of equitable relief. *Pensinger* v. *Jarecki Mfg. Co.* (1922), 78 Ind. App. 569, 136 N. E. 641. In any event, again the allegation that consideration was furnished by appellee, Doit Myler, is necessary and essential before paragraph five can state a cause of action based upon a theory of property being fraudulently held as tenancy by the entireties to the detriment of an individual creditor. *Vonville* v. *Dexter*, *supra*.

Furthermore, absent a showing of fraud, the law is well settled in this state that a conveyance of real estate to a husband and wife creates an estate by the entireties which is immune to seizure and satisfaction of the individual debts of either. *Eilts* v. *Moore* (1946), 117 Ind. App. 27, 68 N. E. 2d 795.

Since the trial court did not err in sustaining the demurrer directed to all six legal paragraphs of appellant's third amended complaint, *a fortiori* the demurrer directed to the first amended supplemental complaint was properly sustained. *Carr* v. *Besse* (1924), 82 Ind. App. 124, 127, 143 N. E. 639.

Judgment affirmed.

Carson and Wickens, JJ., concur.

Faulconer, J., concurs in result.

NOTE.—Reported in 210 N. E. 2d 446.