IN RE APPLICATION OF COUNTY RECORDER TO CERTIFY QUESTION TO COMMON PLEAS COURT PER R.C. 5309.43.

(No. 47165—Decided April 23, 1984.)

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Thomas P. Gill,* for appellee.

*Mr. Paul R. Border,* for appellant.

PARRINO, J. Appellant, Philip Miller, and his wife, Ruth Miller, owned real property located at 26813 North Woodland in Beachwood, Ohio, which was held as an estate by the entireties pursuant to R.C. 5302.17. Title to the property was registered on the Torrens Land Title Register of Cuyahoga County, Ohio.

Upon the death of Ruth Miller, appellant's counsel presented an affidavit of surviving spouse which conformed with the requirements of R.C. 5302.17. The purpose of the affidavit was to reflect the fact that the subject property had completely vested in the surviving spouse.

The Cuyahoga County Recorder refused to accept appellant's affidavit. The recorder contends that R.C. 5309.45, the statute which sets forth the procedure to be followed in transferring the registration of Torrenized property upon the death of the registered owner, is the proper statute with which appellant must comply. R.C. 5309.45 requires that an application for transfer of title must be filed with either the probate court or the court of common pleas.

The county recorder, pursuant to R.C. 5309.43,[1] presented the following question for resolution by the court of common pleas:

"[W]hen real property is registered land pursuant to Ohio Revised Code 5309.02 et seq., and is held by husband and wife as an estate by the entireties as described in Ohio Revised Code section 5302.17, can, after the death of a spouse, a surviving spouse convey title to himself simply by filing an affidavit or death certificate as authorized by 5302.17, or must the survivor comply with the provisions of Ohio Revised Code section 5309.45."

The trial court held that R.C. 5309.45 was the appropriate statute governing the transfer of registered lands upon the death of the owner, and that the county recorder was under no duty to accept appellant's affidavit as surviving spouse.

Appellant assigns one error on appeal:

"The trial court erred as a matter of law in holding that ORC 5309.45 is applicable and controlling in the case of the death of a registered owner of land, where such land was held by way of an estate by the entireties."

We find that this assignment is well-taken.

The issue before us is whether a surviving spouse must comply with R.C. 5302.17 or 5309.45 when property is registered under the Torrens registration system as a tenancy by the entirety.

R.C. 5302.17 establishes a tenancy previously unrecognized in Ohio statutory or common law. The statute also estab-

---

[1] R.C. 5309.43 provides:

"If the county recorder is in doubt upon any question, or if any person in interest does not agree as to the proper memorandum to be made in pursuance of any deed, mortgage, or other voluntary instrument presented for registration, the question may, on the certificate of the recorder stating the question upon which the recorder is in doubt or upon which the person in interest does not agree, be referred to the court of common pleas for decision. The court, after notice to all parties and a hearing, shall enter an order directing the action of and prescribing the form of memorandum to be made by the recorder, who shall make registration or otherwise act in accordance therewith, and such order shall be final.

"The recorder may refer such question to an examiner of titles, and upon receipt of his report thereon the recorder shall notify the parties interested and fix a time for hearing. The recorder shall on such hearing make such disposition of said question as to him seems just and proper and in accordance with law."

lishes how the interest of the decedent spouse vests in the surviving spouse. It provides:

"A deed conveying any interest in real property to a husband and wife, and in substance following the form set forth in this section, when duly executed in accordance with Chapter 5301. of the Revised Code, creates an estate by the entireties in the grantees, and upon the death of either, conveys such interest to the survivor, his or her separate heirs and assigns.

## " 'ESTATE BY THE ENTIRETIES WITH SURVIVORSHIP DEED

......... (marital status), of ......... county, ......... for valuable consideration paid, grant(s), (covenants, if any), to ......... and ........., husband and wife, for their joint lives, remainder to the survivor of them, whose tax-mailing address is .........., the following real property:

"(Description of land or interest therein and encumbrances, reservations, and exceptions, if any)

"Prior Instrument Reference: Volume ........., Page ......., wife (husband) of the grantor, releases all rights of dower therein.

"Witness ......... hand this ..... day of ........' (Execution in accordance with Chapter 5301. of the Revised Code)

"A husband and wife who are the sole owners of real property as joint tenants or tenants in common, may create in themselves an estate by the entireties in such real property, by executing a deed as provided in this section conveying their entire, separate interests in such property to themselves.

"A spouse who is the sole owner of any real property may create in himself or herself and the other spouse an estate by the entireties in such real property, by executing a deed as provided in this section conveying his or her entire interest in such property to themselves. The provi-

sions of this paragraph shall be applied retroactively to cover transactions occurring on or after February 9, 1972.

"*When an estate by the entireties vests in a surviving spouse, the transfer of the interest of the decedent spouse may be recorded by presenting to the county auditor, and filing with the county recorder either a certificate of transfer as provided in section 2113.61 of the Revised Code, or an affidavit or certificate of death, reciting the names of the spouses, the residence of the surviving spouse, the date of death of the decedent spouse, and a description of the property. The county recorder shall make index reference to any certificate or affidavit so filed in the record of deeds.*" (Emphasis added.)

R.C. 5309.45 sets out the procedure for changing the registration of title of Torrenized property only. That statute provides in pertinent part:

"Upon the death of a registered owner of land, one or more of his heirs or devisees, or the assignee for the benefit of creditors, or administrators or executors, or holder of an involuntary lien or charge against the interest of any such heir or devisee or their heirs or devisees, or an heir, devisee, administrator, or executor of a deceased heir or devisee of such heir or devisee of a deceased registered owner, may at any time after the expiration of thirty days from such owner's death, if he died intestate, or from the probate of such owner's will and the election of the relict thereunder, if he died testate, make application to the probate court or the court of common pleas for registration of the title of the deceased in such heirs and devisees according to their respective rights and interests. * * *"

R.C. Chapter 5309 provides a complete statutory scheme for Torrenized property including original registration, lien proceedings and transfers subsequent to original registration. Under the Torrens system of registration, title to land is registered which is in contrast to the more prevalent recording system under

which there is only evidence of such title. Torrens registration was designed to provide a conclusive method of determining title. A certificate is issued to the registered owner which indicates the ultimate fact that a certain named party has title to a particular tract of land. The purpose of a Torrens registration is to make title to property readily ascertainable to third parties by means of an official certificate which shows the exact status of the title to the tract of land. 6A Powell, The Law of Real Property (1982), Paragraph 908[2].

At the present time, there are different views as to whether R.C. 5302.17 creates a tenancy by the entirety or a joint tenancy with rights of survivorship. This court in *Central Natl. Bank of Cleveland* v. *Fitzwilliam* (July 14, 1983), No. 44429, unreported, held that the statute really created a joint tenancy with survivorship. However, the Summit County Court of Appeals held in *Donvito* v. *Criswell* (1982), 1 Ohio App. 3d 53, that the General Assembly intended to create an estate known at common law as an estate by the entirety when it enacted R.C. 5302.17. *Central National Bank* has been certified for review to the Supreme Court of Ohio as being in conflict with *Donvito.*

For purposes of this appeal, a determination as to whether R.C. 5302.17 creates a tenancy by the entirety or a joint tenancy is unnecessary. Regardless of whether the statute creates a tenancy by the entirety or a joint tenancy, R.C. 5309.45 is clearly inapplicable. The procedures mandated by R.C. 5309.45 only pertain to transfers through intestate or testate succession. A tenancy by the entirety and a joint tenancy both vest title in the surviving titleholder upon death by operation of law. 4A Powell, The Law of Property (1982), Paragraphs 618 and 623. Therefore, neither tenancy is included within the estate of the decedent. 3

Casner, American Law of Property (1952), Sections 14.17 and 14.18.

Real property owned by husband and wife as tenants by the entirety does not transfer at the time of death to the other spouse. The property is originally vested entirely in both individuals. The survivor is the representative of the single ownership. *In re Dickie's Will* (1968), 55 Misc. 2d 976, 977, 286 N.Y. Supp. 2d 893, 896. No beneficial interest of the decedent is left to fall within the laws of intestate and testate succession. *Palmer* v. *Treasurer & Receiver General* (1915), 222 Mass. 263, 110 N.E. 283. In New York, also a Torrens registration state, it has been held that when a husband dies intestate seized of real property held as a tenancy by the entirety with his wife, the wife becomes vested with the ownership of the entire property as a surviving tenant. If the property had passed by the laws of intestate succession, the wife would have received a one-third interest in the property, and the children would have received a two-thirds interest. *Petition of White* (1953), 124 N.Y. Supp. 2d 748.

Joint tenancies operate similarly; however, there are some differences. Joint tenancies have been disfavored by Ohio courts. *In re Estate of Hutchison* (1929), 120 Ohio St. 542, 550. However, the courts have allowed joint tenancies to be created by contract. *Id.* Joint and survivorship bank accounts are allowed in Ohio. Sums remaining on deposit at the death of one of the joint tenants go to the surviving tenant rather than the estate of the decedent. *In re Estate of Thompson* (1981), 66 Ohio St. 2d 433 [20 O.O.3d 371]. This conforms with the common law of joint tenancies which provides that the surviving joint tenant does not take under the estate of inheritance because a joint tenant dies leaving no interest which he may devise. *Hagen* v. *Schluchter* (N.D. 1964), 126 N.W.2d 899; *Baldenecker* v.

*Behrens* (1958), 77 S.D. 474, 93 N.W.2d 606. Heirs and devisees take nothing because the deceased tenant has no estate of inheritance to pass on to them. 2 American Law of Property (1952), Section 6.1.

The difference between the two tenancies is that in a joint tenancy each cotenant holds an undivided half which may be severed during the lifetime of both parties (*per my et per tout*). A tenancy is held in its entirety by the husband and wife, and neither can sever the tenancy without the consent of the other. *Palmer* v. *Treasurer & Receiver, supra,* at 264-265. However, in both cases no part of the property is included within the decedent's estate.

We therefore hold that where real property is registered on the Torrens Land Title Register and is held as an estate by the entireties pursuant to R.C. 5302.17, a surviving spouse need not comply with the requirements of R.C. 5309.45. The provisions of R.C. 5309.45 detail a procedure for transferring "registration of the title of the deceased in such *heirs* and *devisees* according to their respective rights and interests." (Emphasis added.) Thus, it applies only to property which is part of the decedent's estate. However, where real property is held by husband and wife as an estate by the entireties, at the death of one of the spouses the entire property automatically vests in the surviving spouse by operation of law. The property does not become part of the decedent's estate.

In the case *sub judice* the real property is not part of an estate, thus, the heirs and/or devisees of Ruth Miller have no rights which a court need determine. There is no transfer involved. At the time of Ruth Miller's death, title automatically became vested in appellant. As a result it is not necessary for appellant to go to the court of common pleas pursuant to R.C. 5309.45 for a determination of title. It is clear title is now vested in appellant. There is no threat to the "absolute presumption that the register of titles speaks the last word about the title to land * * *'" to which Torrens registration is aimed. *Kincaid* v. *Yount* (1983), 9 Ohio App. 3d 145, 147.

Accordingly, the judgment of the lower court is reversed.

*Judgment reversed.*

DAY, C.J., and JACKSON, J., concur.