**In the Matter of Carol A. TURNER, Debtor.**

**Thomas R. NOLAND, Trustee, Plaintiff,**

**v.**

**Levi TURNER, Jr., Carol A. Turner, Debtor, Defendants.**

**Bankruptcy No. 3–83–02440.**
**Adv. No. 3–84–0213.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Jan. 10, 1985.

William E. Fischer, Dayton, Ohio, for defendants.

Thomas R. Noland, Dayton, Ohio, for plaintiff.

CHARLES A. ANDERSON, Bankruptcy Judge.

Presently before the court is Defendant's Motion for Summary Judgment filed September 15, 1984. Such motion arose from a complaint filed on August 1, 1984, by Thomas R. Noland, Trustee, to set aside as a fraudulent conveyance, a transfer of interest in real property from Debtor Carol S. Turner, to her husband, Levi Turner, Jr. pursuant to O.R.C. § 1313.56.

At the pretrial hearing and upon submission of the motion, the parties submitted this matter upon a stipulation of all material facts. Stipulations of facts were then filed on October 9 and 10, the Plaintiff's brief was filed on October 23, and the Defendant's brief was filed on October 30.

## FACTS

In August, 1978, defendants Carol A. Turner and Levi Turner, Jr., husband and wife, acquired title to residential real property in West Carrollton, Ohio, as a tenancy by the entireties. On September 2, 1982, Carol quitclaimed her interest in the residential property to her husband, Levi Turner, Jr., (thereby allegedly vesting him with the whole estate.)

In September, 1982, Carol incurred a lease obligation with Watertower Plaza Association, the claim upon which Defendants dispute. Carol also became indebted to the I.R.S., State of Ohio and City of West Carrollton for the tax years 1981 and 1982 in the amount of $7,000, as a result of operating a hair styling salon. On September 30, 1982, Watertown Plaza initiated a suit against Debtor, Carol Turner, for $10,-000.

Carol voluntarily filed for relief under Chapter 7 on October 17, 1983. One month later, Debtor appeared at the First Meeting of Creditors and, upon examination regarding the transfer of her interest in real estate, stated that the transfer was made because she was in financial trouble. The Trustee now brings suit for a determination that the quitclaim deed was a fraudulent transfer under O.R.C. § 1313.56.

## OPINION

The Ohio Supreme Court has recently held that "the estate by the entireties created by R.C. 5302.17 is equivalent to a common law estate by the entireties which is not alienable by one spouse without the consent of the other" and that creditors of one spouse may not reach the property of the other, without the other's consent to the alienation. *Central National Bank v. Fitzwilliam*, 12 Ohio St.3d 51, 465 N.E.2d 408, 411 (1984).

In its decision, the Supreme Court cited approvingly *Donvito v. Criswell*, 1 Ohio App.3d 53, 439 N.E.2d 467 (1982), a case which closely parallels the facts of the instant case. There, William and Barbara Criswell, husband and wife, purchased property in April, 1978; their deed created an estate by the entireties. Two months later, William quitclaimed his interest in the property to his wife. Later, a creditor of William requested the Court to set aside the conveyance as fraudulent under O.R.C. § 1336 and to declare the property subject to a judgment he had obtained in October, 1978. The Court upheld the validity of interspousal conveyance involving entirety property, without the realty being subject to either spouse's debts. Furthermore, it declared that such a conveyance terminates the estate by the entirety and vests the grantee-spouse with the unqualified fee simple estate. *See, also,* 8 A.L.R.2d 634.

Carol and Levi Turner held the subject property at first as tenants by the entirety, thus that property was beyond the reach of Carol's creditors. The quitclaim conveyance is valid, regardless of any possible intent to defraud, and vests Levi with the fee simple estate which is still beyond the reach of Carol's creditors. Thus, the Court notes that, as in *Donvito*, even if the quitclaim deed were to be declared void, as the Trustee seeks, the Turners would still be considered tenants by the entireties and the property would be immune from the claims of Carol's creditors.

Furthermore, bankruptcy courts in states, such as Ohio, which do not permit a

creditor of one spouse to reach an entirety estate, consistently have recognized the debtor's right to exempt such property.[1] *In re Thomas,* 14 B.R. 423 (Bankr.N.D. Ohio 1980); *In re Shaw,* 5 B.R. 107 (Bankr. M.D.Tenn.1980); *In re Thacker,* 5 B.R. 592 (Bankr.W.D.Va.1980); *In re Ford,* 3 B.R. 559, 6 B.C.D. 202, 1 C.B.C.2d 840, B.L.D. ¶ 67,429 (Bankr.D.Md.1980); *Matter of Reaves,* 3 B.R. 605 (Bankr.E.D.N.C.1980); *See, also In re Gibbons,* 17 B.R. 373, 8 B.C.D. 923, B.L.D. ¶ 68,590 (Bankr.D.R.I. 1982). Exempt property, by definition, is not available to the trustee in bankruptcy for distribution to creditors.

Thus, it serves no purpose for the Trustee to seek the avoidance of a transfer which removed no non-exempt property from the estate or which does not deplete the estate in some way. Such transfer does not hinder, delay or defraud any creditor, since creditors would not have benefited from the property if there had been no transfer.

However, "there is no question that entirety property would be subject to a debt jointly incurred by husband and wife." *Donvito* at 472. Herein, the facts are unclear whether the tax liabilities were incurred jointly. Plaintiff-Trustee nowhere alleges this. In defendants' Proposed Stipulation of Fact, only Carol was listed as being indebted; but defendants in their brief state that Levi is jointly liable on the debt. Given such confusion on defendants' part and no assertion by the Trustee, the Court is constrained to assume that such taxes were incurred solely by Carol as a result of operating a hair styling salon (with which Levi had no connection), as both Stipulations of Fact state.[2] Accordingly, on the facts, the Trustee's complaint is dismissed.

As quoted above, had any of the tax debts been owed jointly, "There is no ques-

tion that entirety property would be subject to a debt jointly incurred by husband and wife." *Donvito* at 472. *See, also L & M Gas Co. v. Leggett,* 273 N.C. 547, 161 S.E.2d 23 (1968).

If any tax claim had been a claim against both husband and wife, in that event the wife's interest in the estate by the entireties could have been sold by the Trustee for the benefit of all creditors as successor to the unsecured creditors. Code § 544(b) grants to the trustee avoidance powers possessed by such actual creditors of the estate, under the doctrine of *Moore v. Bay,* 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133 (1934) as enacted into the Code. See H.R. Rep. No. 95–595, 95th Cong. 1st Sess 370 (1977), U.S. Code Cong. & Admin. News 1978, p. 5787.

1. This Court's decision in *Schulze v. Schulze,* 15 B.R. 106 (Bankr.S.D.Ohio 1981) was rendered before the Supreme Court of Ohio's decision in *Fitzwilliam.*

2. The Trustee has offered no evidence as to tax liens. The Court notes that the Proof of Claim from the State of Ohio states that debtor was indebted "during the operation of the business" and that a "Sales Tax Judgment" was filed on November 2, 1983. This date is more than 14 months after the quitclaim deed. No proofs of claim were filed by the IRS or the City of West Carrollton.