**In re John Patrick PERNUS, Debtor.**

**Bankruptcy No. B92–11127.**

United States Bankruptcy Court
N.D. Ohio.

Aug. 14, 1992.

Richard A. Baumgart, Cleveland, Ohio, for plaintiff.

William T. Zaffiro, Cleveland, Ohio, for defendant.

## MEMORANDUM OF OPINION AND DECISION

WILLIAM J. O'NEILL, Bankruptcy Judge.

For the Court's consideration is the Trustee's objection to exemption pursuant to Section 522(*l*) of the United States Bankruptcy Code. 11 U.S.C. § 522(*l*) (1988). Trustee objects to Debtor's claim of exemption of his interest in real estate owned with his wife under a deed by the entireties. An order of June 24, 1992 sustained Trustee's objection to exemption of deferred wages. The present matter is a core proceeding within the jurisdiction of this Court. 28 U.S.C. §§ 1334, 157(a), (b)(2)(B) (1988), General Order No. 84 entered on July 16, 1984 by the United States District Court for the Northern District of Ohio. As stated in Federal Bankruptcy Rule 4003(c), Trustee has the burden to prove the exemption is improperly claimed. Counsel submitted stipulations and briefs.

Stipulated facts are as follows:—

"1. John P. Pernus, Debtor herein, is the husband of Sharon M. Pernus.

2. On April 2, 1985, John P. Pernus and Sharon M. Pernus, husband and wife, conveyed, by a duly executed deed, ownership in the marital residence, 7144 South Meadow Drive, Painesville, Ohio, to themselves, in an estate by the entireties with survivorship, which deed substantially conformed with the language of O.R.C. § 5302.17 as in effect on that date. A copy of the deed is attached hereto as Exhibit "A".

3. The deed was recorded with the Lake County Recorder's office on April 2, 1985.

4. On February 28, 1992, John P. Pernus filed a petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Ohio.

5. Sharon M. Pernus, wife of John P. Pernus, did not file a bankruptcy with her husband, and has not, as of this date, filed an individual bankruptcy."

The status of the real property in issue as property of the estate is indisputable. Section 541(a) brings entireties property into the bankruptcy estate. 11 U.S.C. § 541(a) (1988), *Liberty State Bank and Trust v. Grosslight*, 757 F.2d 773 (6th Cir. 1985). The sole issue is whether the real property is exempted from the estate pursuant to Section 522(b)(2)(B) which is applicable and provides for exemption of:—

"any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law."

11 U.S.C. § 522(b)(2)(B) (1988)

An estate by the entireties was authorized under Ohio law by former Section 5302.17 of the Ohio Revised Code. This form of ownership of real property was so authorized from 1972 until April 4, 1985 when provisions repealing former Section 5302.17 became effective. Validity of estates by the entireties under the former section is unaffected by subsequent changes. Ohio Rev.Code § 5302.21. Validity of the Pernus deed under the estate by the entireties provisions is not disputed. At issue is whether Debtor's rights in the property are subject to process and thus estate property under Section 541 and 522 of the Bankruptcy Code.

An estate by the entireties is one in which a husband and wife hold property as a single entity. At common law neither spouse had an undivided interest in the property. The creation of the estate vested each spouse with a right of survivorship in the property that neither spouse could individually sever or defeat. On a spouse's death, the surviving spouse alone held the property. See generally C. Yzenbaard, *Ohio's Beleaguered Entirety Statute*, 49 Cincinnati Law Review 99 (1980). Because there is no definition of an estate by the entireties in the Ohio statute, it has been defined by reference to the common law estate by the entireties. *Central National Bank v. Fitzwilliam*, 12 Ohio St.3d 51, 465 N.E.2d 408 (1984).

 Property held in an estate by the entireties is clearly subject to process for satisfaction of joint debts of the husband and wife. The extent to which it is subject to process for the satisfaction of one spouse's individual debts is less clear. In the various jurisdictions which recognize the estate four different views have developed concerning the extent to which entireties property is subject to levy and execution by creditors of one spouse. The "common law rule" provides the husband has control of the property and only his creditors can reach the property. The "all interests reachable rule" provides creditors of one spouse may levy upon the entirety property subject to the other spouse's contingent right of survivorship. The "right of survivorship reachable rule" states the debtor spouse's contingent right of survivorship, but not his or her life estate, can be levied upon in satisfaction of individual debts. It is this rule which the Trustee suggests is applicable under the Ohio statute. The majority of jurisdictions, however, follow a fourth view, "the no interest reachable rule." Under this rule neither spouse can alienate entireties property individually and, therefore, creditors of one spouse cannot reach such property. See generally C. Yzenbaard, supra. This is the rule which has been applied to former Section 5302.17. *Central National Bank v. Fitzwilliam*, supra, *Koster v. Boudreaux*, 11 Ohio App.3d 1, 463 N.E.2d 39 (1982),

*Donvito v. Criswell*, 1 Ohio App.3d 53, 439 N.E.2d 467 (1982). See also *In re Thomas*, 14 B.R. 423 (Bankr.N.D.Ohio 1981).

The Ohio courts have consistently adopted the "no interest reachable rule." The Ohio Supreme Court held an estate by the entireties created pursuant to former Section 5302.17 is not alienable by one spouse without consent of the other and creditors of one spouse, therefore, may not reach it. *Central National Bank v. Fitzwilliam*, supra. Ohio appellate courts have determined that the entireties section recognizes immunity of such property from claims of one spouse. In *Koster v. Boudreaux*, supra, the court held a judgment creditor of a married individual was precluded from enforcing the judgment by an action in foreclosure against real property held in an estate by the entireties. The court adopted the "no interest reachable rule." It refrained, however, from determining whether the spouse's right of survivorship could be attached. In *Donvito v. Criswell*, supra, the court again adopted the majority rule and held an estate by the entireties prevents a creditor of one spouse from attaching that spouse's interest in the estate or from levying on the property. These decisions clearly adopt the "no interest reachable rule" in contradistinction to the rule which allows attachment of the debtor-spouse's right of survivorship. Under Ohio law entireties property is not subject to process for the debts of one spouse. Pursuant to Section 522(b)(2)(B), therefore, property held in an estate by the entireties is exempt property in a bankruptcy case filed by an individual spouse. *In re Thomas*, supra. See also, *Noland v. Turner*, 45 B.R. 649 (Bankr.S.D.Ohio 1985).

 Debtor, Pernus filed an individual Chapter 7 case. His wife has not filed a petition for bankruptcy. Their marital estate is held pursuant to an estate by the entireties with survivorship rights executed in conformance with former Ohio Revised Code Section 5302.17. Pursuant to Ohio law Debtor's interest in the real property is not subject to process for his individual debts. The debts scheduled in his petition are not joint marital debts but rather are

his individual debts with exception of the mortgage debt on the marital residence. Trustee's assertion that he can administer the entireties property for the benefit of this creditor is without merit. The schedules indicate this creditor is entirely secured by the value of the property. There is no evidence to indicate otherwise according to the stipulations. Moreover, Trustee's suggestion that there may be joint debt which is not scheduled is inappropriate because counsel submitted this matter on stipulations. Therefore, while the marital residence is property of the estate, it is exempted pursuant to Section 522(b)(2)(B). Trustee's objection to Debtor's claim of exemption in the property is, therefore, overruled.